UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO: 3:16-CV-00628-JHM

NANCY JEAN MCKINNEY and
EVERETT MCKINNEY                                                PLAINTIFFS

V.

THE UNITED STATES OF AMERICA                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DN 44]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court holds that motion is **GRANTED**.

## I. BACKGROUND

On October 21, 2014, Plaintiff Nancy Jean McKinney underwent bladder surgery performed at Ireland Army Community Hospital ("IACH"). During preparation for the surgery, Mrs. McKinney shared with the medical team at IACH that she experienced complications when recovering from prior surgery. Back in 2005, Mrs. McKinney went into cardiac arrest while recovering from a partial hysterectomy and had to be transferred to the intensive care unit ("ICU") at Hardin Memorial Hospital. For this reason, another surgery Mrs. McKinney underwent in 2005 was performed at Hardin Memorial instead of IACH because she was considered to be a high-risk patient.

Despite Mrs. McKinney's concerns, her bladder surgery was performed at IACH. During her recovery, Mrs. McKinney went into a "Code Blue" situation in which she stopped breathing. Again, she was transferred to the ICU at Hardin Memorial. This time, as a result of prolonged oxygen deprivation, Mrs. McKinney suffered neurocognitive impairment caused by hypoxia.

Plaintiff Nancy McKinney originally filed this action, pro se, on October 03, 2016 against IACH and the United States. Later, on October 13, 2017, Mrs. McKinney filed an Amended Complaint through her retained counsel. The Amended Complaint did not include IACH as a defendant but added Mrs. McKinney's husband, Everett McKinney, as an additional plaintiff. The Amended Complaint alleges a claim of negligence against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), on behalf of Mrs. McKinney and a claim of loss of consortium on behalf of Mr. McKinney. Since then, Plaintiffs' attorney has withdrawn as counsel and Plaintiffs have continued the litigation representing themselves pro se.

When Plaintiffs filed their expert witness disclosures, the list of anticipated experts included Nurse Jacklyn Travis. Nurse Travis intended to testify that IACH "departed from the standard of care by failing to perform safe standards of care on Oct 21, 2014." (Report of Jacklyn Travis [DN 38-3].) When the United States received Nurse Travis' report, it contacted Plaintiffs by email to express concern that "Ms. Travis's report is conclusory and vague" and asking that Plaintiffs obtain a revised report from Nurse Travis to address this issue. (Ex. A to Def.'s Mot. for Summ. J. [DN 44-1].) Plaintiffs did not obtain a revised report as requested but instead decided to remove Nurse Travis from their expert witness list.

Now, Defendant United States has brought this Motion for Summary Judgment. According to the United States, without the testimony of Nurse Travis, Plaintiffs' claims must fail because there is no expert witness to support a negligence claim. Plaintiffs submitted a response arguing that they can prove their case through the doctrine of res ipsa loquitur. After the United States replied, Plaintiffs submitted an additional response brief. As stated in Local Rule 7.1, "A motion is submitted to the Court for decision . . . after the reply memorandum is filed." Therefore, the Plaintiffs' second Response [DN 48] was improperly filed and should be struck from the record.

Defendant's Motion to Strike Improper Response Brief [DN 51] is **GRANTED** and the Court will only consider Plaintiffs' proper Response [DN 45] when ruling on this motion.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

The Federal Tort Claims Act ("FTCA") allows a private citizen to bring a negligence claim against the United States for the negligent acts of its officer. Under the FTCA, negligence claims against the United States will be successful in "circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because Plaintiffs claim that Ms. McKinney was negligently injured at the IACH in Fort Knox, Kentucky, the negligence laws of Kentucky will apply.

In Kentucky, a negligence claims requires proof that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the standard by which his or her duty is measured; and (3) consequent injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). "[T]he general rule is that expert testimony is required in a malpractice case to show that the defendant failed to conform to the required standard, which is, such reasonable and ordinary knowledge, skill and diligence as physicians in similar neighborhoods and surroundings ordinarily use under like circumstances." *Jarboe v. Harting, Ky.*, 397 S.W.2d 775, 778 (Ky. 1965). However, there are two types of exceptional circumstances when the doctrine of res ispa loquitur may substitute the need for expert testimony. The first is a situation in which "any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care." *Perkins v. Hausladen*, 828 S.W.2d 652, 655 (Ky. 1992) (citing *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1992)). The second exception is "when medical experts may provide a sufficient foundation for res ipsa loquitur on more complex matters." *Id.* In fact, "evidence of a technical character sufficient to sustain the plaintiff's case could be found in an admission of the defendant." *Id.* (citing *Butts v. Watts*, 290 S.W.2d 777, 778 (Ky. 1956)).

The United States argues that Plaintiffs cannot meet their burden to withstand summary judgment without testimony from an expert witness. Plaintiffs respond, arguing that the even without expert testimony to prove the elements of negligence, their claim can survive based on the doctrine of res ipsa loquitur. The Plaintiffs claim, "The negligence is obvious to any reasonable

4

person based on the Plaintiff's prior experiences at this facility and their records." (Pl.'s Opposition to Mot. for Summ. J. [DN 45] at 3.) The Court disagrees.

In this case, neither exception to the requirement of expert testimony is applicable. First, this is not a situation where "such things do not happen if there has been proper skill and care." A patient could go into a Code Blue situation for a myriad of reasons, regardless of the proficiency of their medical care. Furthermore, medical experts have not provided a sufficient foundation for res ipsa. Even reviewing all of the documents within the record, there has been no basis by which this Court could infer negligence from the evidence. Without the benefit of expert testimony, the Court cannot conclude that the care Mrs. McKinney received at IACH fell below the standard of care. In fact, deposition testimony provided by the United States indicates that Mrs. McKinney did receive adequate care during her surgery recovery. Although Plaintiffs' Amended Complaint alleges that Mrs. McKinney was "not properly cared for" because after her surgery "she was not placed in the Post Anesthesia Care United (PACU) but rather in another area for post anesthesia care," (Amend. Compl. ¶ 1.) Dr. Stephen Lawson testified that the room in which Mrs. McKinney recovered from surgery was similarly-equipped as the PACU and Mrs. McKinney had a dedicated nurse. Without any evidence to the contrary, the Court cannot conclude that the care Mrs. McKinney received at IACH was inadequate.

In this case, "negligence cannot be inferred simply from an undesirable result; expert testimony is needed." *Perkins*, 828 S.W.2d at 655 (internal quotation marks omitted). Because the deadline for submitting expert witnesses has passed without Plaintiffs offering testimony of an expert to show IACH breached the standard of care owed to Mrs. McKinney, no reasonable jury could find in favor of Plaintiffs.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

*Joseph H. McKinley, Jr.* (signature)

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 13, 2018

cc: counsel of record
   Nancy Jean and Everett McKinney, *pro se*